IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE PHOENICIAN, LLC, | ) | CIVIL NO. 09-00471 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE VESSEL "KAPALUA KAI", | ) | |
| ETC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS KANDOO! OAHU, INC., IN PERSONAM,
RMJ, STRAT2, LLC, IN PERSONAM AND ROBERT MAYNARD, IN PERSONAM**

Before the Court is Plaintiff the Phoenician, LLC's

("Plaintiff") Motion for Default Judgment Against Defendants

Kandoo! Oahu, Inc., in personam, RMJ STRAT2, LLC, in personam and

Robert Maynard, in personam ("Motion"), filed on February 24,

2010.  Defendants the Vessel "Kapalua Kai", now known as the

"Kapmandoo" ("the Vessel"), *in rem*, Kandoo! Oahu, Inc.

("Kandoo"), *in personam*, RMJSTRAT2, LLC ("RMJ"), *in personam*, and

Robert Maynard, *in personam* (collectively "Defendants") did not

respond the Motion and have not appeared in this action.  This

matter came on for hearing on April 12, 2010.  Mark Desmarais,

Esq., appeared on Plaintiff's behalf.  Mr. Desmarais also

submitted supplemental declarations in support of the Motion on

April 16, 2010 and April 23, 2010.  After careful consideration

of the Motion, supporting documents, and the relevant legal
authority, this Court HEREBY FINDS AND RECOMMENDS that the Motion
be GRANTED IN PART AND DENIED IN PART for the reasons set forth
below.

### BACKGROUND

Plaintiff filed the Verified Complaint in the instant
case on October 6, 2009.  Plaintiff is a corporation organized
and existing under Hawai`i law.  It operates a ship repair
facility on the island of Oahu.  [Verified Complaint at ¶ 2.]  On
or about June 29, 2009, the owners and/or operators of the
Vessel, through their agents, requested that Plaintiff perform
repairs on the Vessel.  Plaintiff sent the owners and/or
operators of the Vessel an invoice for the work performed, but
Plaintiff did not receive any payment.  The amount owed under the
invoice is $18,911.06, plus accrued interest.  [Id. at ¶ 7.[1]]
Plaintiff has demanded that Defendants pay this amount, but no
amount of the debt has been paid.  [Id. at ¶ 9.]

The Vessel's port of registry is Honolulu, Hawai`i.
[Id. at ¶ 3.]  The Complaint alleges that the Vessel, her
machinery, equipment, engines, and appurtenances are now within

---

[1] Both the Verified Complaint and the instant Motion state
that the invoice is attached as Exhibit A, but there is no
Exhibit A to either the Verified Complaint or the Motion.
Plaintiff submitted the invoice as Exhibit A to Plaintiff's
Supplemental Declaration of Mark B. Desmarais in Support of the
Motion ("Supplemental Desmarais Declaration").

this district and will remain so during the pendency of this action.  [Id. at ¶ 6.]  According to the Complaint, RMJ and/or Kandoo are the owners of the Vessel.  Both entities are organized and existing under Hawai`i law.  Maynard is the chief executive officer of Kandoo and the president of RMJ.  He is a Hawai`i resident.  [Verified Complaint at ¶¶ 4-5.]

The Verified Complaint alleges that Defendants have breached their contract with Plaintiff and that, as a direct and proximate result, Plaintiff has been damaged in the amount of the unpaid invoice, plus accrued interest.  Further, Defendants have been unjustly enriched at Plaintiff's expense.  [Id. at ¶¶ 8-9.] Plaintiff also alleges that, as a direct and proximate result of Defendants' failure to pay for the services rendered, Plaintiff has a valid and enforceable lien against the Vessel in rem for the entire debt, and the in personam defendants are jointly and severally liable for the amount due.  [Id. at ¶¶ 10-11.]  The Verified Complaint seeks: judgment against the Vessel in rem and against the in personam defendants in the amount of $18,911.06, plus ten percent per annum interest from July 30, 2009; reasonable attorney's fees and costs in pursuing the action; and any other just and proper relief.

None of the defendants answered the Verified Complaint, and Plaintiff applied for and obtained an entry of default on February 11, 2010.

In the instant Motion, Plaintiff seeks default judgment and the award of the relief requested in the Verified Complaint. Plaintiff seeks an award of the following amounts:

| | |
|---|---|
| Unpaid invoice | $18,911.05 |
| Interest at 10% per annum from 7/3/09 to 2/15/10 (per diem rate $5.25) | $ 1,024.34 |
| Attorney's fees plus tax | $ 4,075.91 |
| Costs | $   471.88 |

[Suppl. Desmarais Decl. at ¶¶ 4, 7.]

The attorney's fees consist of $3,892.50 in fees and $183.41 in general excise tax. Mr. Desmarais spent 17.3 hours on this case, and his hourly rate for this case is $225 per hour. He states that he has been practicing law in Hawai`i since 1983. [Id. at ¶¶ 6-7.] Plaintiff seeks attorney's fees pursuant to Haw. Rev. Stat. § 607-14. [Pltf.'s Second Suppl. Decl. in Supp. of Motion ("Second Supplemental Desmarais Decl.") at ¶ 2.]

Plaintiff's costs consist of the following: filing fee – $368.00; sheriff's fees – $35.00 and $63.00; postage – $0.88; copying charges (fifty copies at $0.10 each) – $5.00. [Suppl. Desmarais Decl. at ¶ 7.]

**DISCUSSION**

I.   **Entitlement to Default Judgment**

Under Federal Rule of Civil Procedure 55(b)(1), the Clerk of the Court may enter default judgment for the plaintiff if the defendant has been defaulted for failure to appear, and the plaintiff's claim is for "a sum certain or a sum that can be

4

made certain by computation[.]" <u>See</u> Fed. R. Civ. P. 55(b)(1).
In all other cases, the plaintiff must apply to the court for
default judgment.  <u>See</u> Rule 55(b)(2).

"'The general rule of law is that upon default the
factual allegations of the complaint, except those relating to
the amount of damages, will be taken as true.'"  <u>TeleVideo Sys.,</u>
<u>Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting
<u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)).
However, a plaintiff who obtains a entry of default is not
entitled to default judgment as a matter of right.  <u>See</u> <u>Warner</u>
<u>Bros. Entm't Inc. v. Caridi</u>, 346 F. Supp. 2d 1068, 1071 (C.D.
Cal. 2004).  Default judgments are disfavored; cases should be
decided on the merits if possible.  <u>See</u> <u>In re Roxford Foods,</u>
<u>Inc.</u>, 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to
the propriety of a default are usually resolved against the party
seeking a default judgment."  <u>VonGrabe v. Sprint PCS</u>, 312 F.
Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing <u>Pena v. Seguros La</u>
<u>Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the
court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive
> claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning
> material facts,
> (6) whether the default was due to excusable

neglect, and
(7) the strong policy underlying the Federal Rules
of Civil Procedure favoring decisions on the
merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v.

McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Having considered all of the relevant factors, this

Court FINDS that default judgment is warranted in the instant

case and RECOMMENDS that the district judge direct the entry of

default judgment against Kandoo, RMJ, and Maynard.

## II.  Damages & Interest

As noted, *supra*, this Court cannot rely solely on the

allegations in the Complaint in determining the amount of

Plaintiff's damages.  Plaintiff submitted the invoice for

$18,911.06 for the work it performed on the Vessel.  [Exh. A to

Suppl. Desmarais Decl.]  The Complaint states that Plaintiff

received no payment on the invoice.  [Verified Complaint at ¶ 7.]

This Court therefore FINDS that Plaintiff is entitled to damages

of $18,911.06.

Plaintiff also seeks $1,024.34 in interest,

representing ten percent per annum from July 30, 2009 to

February 15, 2010.  Plaintiff apparently seeks an award of

interest pursuant to statutory authority, as opposed to

contractual authority, because it cannot locate the executed haul

out agreement.  [Suppl. Desmarais Decl. at ¶ 4.]  Plaintiff

attached a copy of Haw. Rev. Stat. § 478-2 to the Second

6

Supplemental Desmarais Declaration.[2]  [Exh. A to Second Suppl.

Desmarais Decl.]   Section 478-2 states, in pertinent part,

"[w]hen there is no express written contract fixing a different

rate of interest, interest shall be allowed at the rate of ten

per cent a year[.]" Although § 478-2 sets the percentage of

interest available, Haw. Rev. Stat. § 636-16[3] sets forth the

court's authority to award interest in civil cases.  The Hawai`i

state courts have held that "[p]re-judgment interest may be

awarded under HRS § 636-16 in the court's discretion when the

issuance of judgment is *greatly delayed* for any reason." County

of Hawai`i v. C & J Coupe Family Ltd. P'ship, 120 Hawai`i 400,

410, 208 P.3d 713, 723 (2009) (citation and quotation marks

omitted) (emphasis in original).  An award of prejudgment

interest must be supported by findings of fact and conclusions of

law addressing how long judgment was delayed and whether

prejudgment interest is necessary to correct injustice.  See,

e.g., Jenkins v. Allen, 2010 WL 466005, at *4 (Hawai`i Ct. App.

---

[2] The Court, however, notes that the record does not contain the portion of the Second Supplemental Desmarais Declaration discussing Plaintiff's reliance on § 478-2.  Plaintiff apparently filed the Second Supplemental Desmarais Declaration with only the first and third pages of the document.  The second page, which presumably discusses § 478-2, is missing.

[3] Section 636-16 states: "In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date . . . in cases arising by breach of contract, it may be the date when the breach first occurred."

Feb. 9, 2010) (vacating and remanding award of prejudgment interest that was not supported by the necessary findings and conclusions).

The instant case has not been pending for a particularly long period of time, and part of the reason for the delay in this case was that Plaintiff did not include the required citations and supporting documentation in the Motion. See EP, filed 4/12/10 (dkt. no. 18), at 1 (noting that Plaintiff must submit supplemental information and declaration); EO, filed 4/22/10 (dkt. no. 20), at 1 (directing Plaintiff to file a supplemental memorandum addressing the authority for an award of interest and attorney's fees and costs). Further, it appears from counsel's declaration that the haul out agreement addressed the issue of interest on overdue payments, but Plaintiff was unable to produce it. [Suppl. Desmarais Decl. at ¶ 4.] Under these circumstances, this Court FINDS that an award of prejudgment interest is not necessary to correct injustice. The Court therefore RECOMMENDS that Plaintiff's request for prejudgment interest pursuant to Haw. Rev. Stat. §§ 478-2 and 636-16 be DENIED.

**III. Attorney's Fees and Costs**

Plaintiff seeks attorney's fees and costs pursuant to Haw. Rev. Stat. § 607-14. [Second Suppl. Desmarais Decl. at ¶ 2.] Section 607-14 states, in pertinent part:

> In all the courts, in all actions in the nature of
> assumpsit and in all actions on a promissory note
> or other contract in writing that provides for an
> attorney's fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and to be
> included in the sum for which execution may issue,
> a fee that the court determines to be reasonable;
> provided that the attorney representing the
> prevailing party shall submit to the court an
> affidavit stating the amount of time the attorney
> spent on the action and the amount of time the
> attorney is likely to spend to obtain a final
> written judgment, or, if the fee is not based on
> an hourly rate, the amount of the agreed upon fee.
> The court shall then tax attorneys' fees, which
> the court determines to be reasonable, to be paid
> by the losing party; provided that this amount
> shall not exceed twenty-five per cent of the
> judgment.
> . . . .
> The above fees provided for by this section shall
> be assessed on the amount of the judgment
> exclusive of costs and all attorneys' fees
> obtained by the plaintiff, and upon the amount
> sued for if the defendant obtains judgment.

A court awarding attorney's fees pursuant to § 607-14 must

apportion the fees claimed between assumpsit and non-assumpsit

claims, if practicable.  See Porter v. Hu, 116 Hawai`i 42, 66,

169 P.3d 994, 1018 (Ct. App. 2007) (citing Blair v. Ing, 96

Hawai`i 327, 332, 31 P.3d 184, 189 (2001)).

### A.   **Prevailing Party**

The Hawai`i courts have noted that "'[i]n general, a

party in whose favor judgment is rendered by the district court

is the prevailing party in that court, plaintiff or defendant, as

the case may be. . . .'"  MFD Partners v. Murphy, 9 Haw. App.

509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W.

Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at
54-323-54-324, (2d ed. 1992)) (some alterations in original); see
also Village Park Cmty. Ass'n v. Nishimura, 108 Hawai`i 487, 503,
122 P.3d 267, 283 (Ct. App. 2005) (quoting MFD Partners).  Thus,
under Hawai`i law, in order to be deemed the prevailing party for
purposes of § 607-14, Plaintiff must have obtained final judgment
in its favor.  Accord Kamalu v. Paren, Inc., 110 Hawai`i 269,
278, 132 P.3d 378, 387 (2006) ("In sum, a prevailing party having
'obtained' 'a final judgment' 'against the State,' we hold that
the court may award the prevailing party its 'actual
disbursements' pursuant to [Haw. Rev. Stat.] §§ 607-9 and 607-24
. . . .").  Insofar as no final judgment has been issued in this
case, Plaintiff's request for attorney's fees is premature.

Plaintiff, however, has obtained default against
Defendants and this Court has recommended that the district judge
direct the entry of default judgment.  If the district judge
adopts the instant Findings and Recommendations, Plaintiff will
be the prevailing party.

## 2.  Assumpsit Claims

The Verified Complaint asserted a claim against the
Vessel *in rem*, as well as claims against Kandoo, RMJ, and Maynard
*in personam* for breach of contract and unjust enrichment.  If the
district judge adopts these Findings and Recommendations,
Plaintiff will be the prevailing party and will be entitled to

10

the attorney's fees it incurred in connection with the

prosecution of any claims that were in the nature of assumpsit.

> In deciding whether a claim is "in the nature of assumpsit," the Hawai`i Supreme Court has stated:
>> Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi-contractual obligations.  In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action.  In ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court.  The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought.  Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit.

Porter, 116 Hawai`i at 66, 169 P.3d at 1018 (quoting Blair, 96

Hawai`i at 332, 31 P.3d at 189).

Plaintiff's breach of contract claim against Kandoo,

RMJ, and Maynard is clearly in the nature of assumpsit.  Its

unjust enrichment claim is also in the nature of assumpsit.  See

id. (holding that the plaintiffs' unjust enrichment claim was "an

equity action within the realm of assumpsit").  Plaintiff,

however, could not have a contractual or quasi-contractual

relationship with the Vessel.  This Court therefore FINDS that

Plaintiff's claim against the Vessel in rem is not in the nature

of assumpsit.

3.   **Apportionment**

A number of counsel's time entries are specifically related to the *in rem* claim - research of issues related to the maritime lien and communications regarding the buyout of the Vessel.  The Court will exclude those entries, totaling 1.0 hour, from counsel's compensable time.

The Hawai`i Intermediate Court of Appeals ("ICA") has stated that:

> When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action.  However, the joinder of causes of action should not dilute the right to attorney fees.  Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not.  All expenses incurred on the common issues qualify for an award.  When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required.

Porter, 116 Hawai`i at 69, 169 P.3d at 1021 (quoting Akins v. Enter. Rent-A-Car Co., 94 Cal. Rptr. 2d 448, 452 (2000)).  In Porter, the ICA noted that the plaintiffs' claims "were based on a common core of facts, occurred roughly within the same two-month span of time, and were based on similar legal theories[,]" and that "counsels' time was devoted largely to the litigation as a whole and not divisible into discrete slivers neatly matching each claim advanced."  Id.  The ICA held that the

circuit court did not abuse its discretion in awarding the
plaintiffs fifty percent of their requested fees for their Haw.
Rev. Stat. Chapter 481A claim, <u>id.</u> at 70, 169 P.3d at 1022, even
though it was only one of several claims, <u>see</u> <u>id.</u> at 47-48, 169
P.3d at 999-1000 (listing claims).

          In the present case, all of Plaintiff's claims arose
from the failure to pay for the repair work on the Vessel.  With
the exception of the time entries identified *supra*, counsel's
work on this case appears to have been devoted to the action as a
whole.  Thus, it is not possible to allocate the amount of time
spent on the assumpsit claims, as opposed to the non-assumpsit
claim.  Under the circumstances of this case, the Court finds
that it is not necessary to artificially apportion counsel's time
between assumpsit and non-assumpsit claims.  This Court now turns
to the amount of the fee award.

     B.   **Calculation of Fees**

          Hawai`i courts calculate reasonable attorneys' fees
based on a method that is virtually identical to the traditional
"lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461
U.S. 424, 433 (1983).  <u>See</u> <u>DFS Group L.P. v. Paiea Props.</u>, 110
Hawai`i 217, 222, 131 P.3d 500, 505 (2006).  The court must
determine a reasonable fee by multiplying the number of hours
reasonably expended by a reasonable hourly rate.  <u>See</u> <u>id.</u> at 222-
23, 131 P.3d at 505-06.  In addition, Hawai`i courts may consider

the following factors:

> (1) the time and labor required, the novelty and
> difficulty of the questions involved and the skill
> requisite properly to conduct the cause; (2)
> whether the acceptance of employment in the
> particular case will preclude the lawyer's
> appearance for others in cases likely to arise out
> of the transaction, and in which there is a
> reasonable expectation that otherwise he would be
> employed, or will involve the loss of other
> employment while employed in the particular case
> or antagonisms with other clients; (3) the
> customary charges of the Bar for similar services;
> (4) the amount involved in the controversy and the
> benefits resulting to the client from the
> services; (5) the contingency or the certainty of
> the compensation; and (6) the character of the
> employment, whether casual or for an established
> and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106

Hawai`i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).

These factors, however, are merely guides; courts need not

consider them in every case.  See id.  In certain types of cases,

some of these factors may justify applying a multiplier to the

"lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret.

Sys. of Hawai`i, 92 Hawai`i 432, 442, 992 P.2d 127, 137 (2000).

Plaintiff requests the following lodestar amount for

work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Mark Desmarais | 17.3 | $225 | $3,892.50 |
| | 4.712% General Excise Tax | | $  183.41 |
| | | **TOTAL** | **$4,075.91** |

[Suppl. Desmarais Decl. at ¶ 7.]  Mr. Desmarais was admitted to

14

the Hawai`i State Bar in 1983.  [Id. at ¶ 6.]

### 1.  Reasonable Hourly Rate

The Hawai`i courts determine reasonable hourly rates in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Hawai`i Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Hawai`i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

15

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Although Plaintiff's counsel did not do this, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Based on the submissions in this case and this Court's knowledge of the prevailing rates in the community, this Court finds that the requested rate of $225 per hour for Mr. Desmarais is manifestly reasonable.

### 2.   **Reasonable Hours Spent**

For the reasons stated in Section III.B.1., this Court finds federal caselaw instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai`i 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce,

the number of hours claimed to have been spent on the case."
Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)
(citation omitted).  Time expended on work deemed "excessive,
redundant, or otherwise unnecessary" will not be compensated.
See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### a.   Non-assumpsit Claim

As noted *supra*, this Court will deduct 1.0 hour for
work that counsel performed in connection with the *in rem* claim,
which does not sound in assumpsit.

### b.   Travel

Counsel's first time entry is 4.1 hours for "Travel to
and meet with client re: repair costs and collection issues;
return travel".  [Suppl. Desmarais Decl. at ¶ 7.]  "This Court
typically allows counsel to claim reasonable travel time for
case-related travel to and from the other islands or the
mainland.  This Court, however, does not award attorney travel
time from their offices to the courthouse, unless they performed
legal services while in transit."  Melodee H., et al. v. Dep't of
Educ., State of Hawaii, CV 07-00256 HG-LEK, Report of Special
Master on Plaintiffs' Motion for an Award of Attorneys' Fees and
Costs, filed 9/23/08 (dkt. no. 40) at 27 (citations omitted).[4]

---

[4] The district judge in Melodee H. adopted this Court's
Report of Special Master, as amended, on October 27, 2008.

Mr. Desmarais states that 1.5 hours of the 4.1 hour entry is attributable to travel to the client meeting and that he did not perform any legal services while in transit.  [Second Suppl. Desmarais Decl. at ¶ 3.]  This Court therefore finds that Mr. Desmarais' travel time is not compensable and will deduct 1.5 hours from his time.

The Court finds that the remainder of Mr. Desmarais' time was necessarily and reasonably incurred in this case and is therefore compensable.

### 3.   <u>Total Lodestar Award</u>

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Mark Desmarais | 15.0 | $225 | $3,375.00 |
| | 4.712% General Excise Tax | | $   159.03 |
| | | **TOTAL** | **$3,534.03** |

This Court finds it unnecessary to adjust the award amount based on the factors articulated in <u>Chun</u>.  <u>See</u> 106 Hawai`i at 435, 106 P.3d at 358.

Section 607-14 limits the award of attorney's fees to twenty-five percent of the judgment.  This Court has found that Plaintiff is entitled to $18,911.06 in damages.  The recommended award of attorney's fees is within twenty-five percent of that

amount.

## IV.  Costs

        Although Haw. Rev. Stat. § 607-14 does not expressly
authorize an award of costs in addition to attorney's fees,
Hawai`i courts award costs pursuant to § 607-14.  See, e.g.,
Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Hawai`i
37, 52, 951 P.2d 487, 502 (1998) (noting that appellate courts
have jurisdiction to award attorneys' fees and costs on appeal
pursuant to § 607-14).

        Plaintiff's costs consist of the following: filing fee
- $368.00; sheriff's fees - $35.00 and $63.00; postage - $0.88;
copying charges (fifty copies at $0.10 each) - $5.00.  [Suppl.
Desmarais Decl. at ¶ 7.]  The Court FINDS that these costs were
reasonably and necessarily incurred in this case and RECOMMENDS
that the district judge GRANT Plaintiff's request for costs in
full.

### CONCLUSION

        On the basis of the foregoing, this Court HEREBY FINDS
AND RECOMMENDS that Plaintiff's Motion for Default Judgment
Against Defendants Kandoo! Oahu, Inc., in personam, RMJ STRAT2,
LLC, in personam and Robert Maynard, in personam, filed February
24, 2010, be GRANTED IN PART AND DENIED IN PART.  Specifically,
this Court RECOMMENDS that the district judge:

        1)   GRANT Plaintiff's request for entry of default

19

judgment in favor of Plaintiff and against Defendants Kandoo! Oahu, Inc., in personam, RMJ STRAT2, LLC, in personam and Robert Maynard, in personam;

2)   GRANT Plaintiff's request for $18,911.06 in damages;

3)   DENY Plaintiff's request for pre-judgment interest;

4)   GRANT IN PART AND DENY IN PART Plaintiff's request for attorney's fees and award Plaintiff $3,534.03 in fees; and

5)   GRANT Plaintiff's request for $471.88 in costs in full.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 26, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**THE PHOENICIAN, LLC. V. THE VESSEL "KAPALUA KAI", ETC., ET AL;
CIVIL NO. 09-00471 ACK-LEK; FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS KANDOO! OAHU, INC., IN PERSONAM, RMJ, STRAT2,
LLC, IN PERSONAM AND ROBERT MAYNARD, IN PERSONAM**